MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MARIE JEAN CHARLES, MARIE H. JEAN
FERRARI, and ANN MARIE JULES,
*individually and on behalf of others similarly*
*situated,*

                           *Plaintiffs*,

        -against-

MARQUIS HOME CARE, LLC (D/B/A
MARQUIS HOME CARE),

                         *Defendant.*

-------------------------------------------------------X

                                  **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
      **29 U.S.C. § 216(b) AND RULE 23**
             **CLASS ACTION**

                  **ECF Case**

       Plaintiffs Marie Jean Charles, Marie H. Jean Ferrari, and Ann Marie Jules , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Marquis Home Care, LLC (d/b/a Marquis Home Care), ("Defendant Corporation") and, ("Individual Defendant"), (collectively, "Defendant"), allege as follows:

## <u>NATURE OF ACTION</u>

       1.     Plaintiffs are former employees of Defendant Marquis Home Care, LLC (d/b/a Marquis Home Care).

       2.     Defendant own, operate, or control a home care agency, located at 230 N Main St, Spring Valley, NY, 10977 under the name "Marquis Home Care".

3.      Plaintiffs were employed as home attendants at the home care agency located at 230 N Main St, Spring Valley, NY, 10977.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendant in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

5.      Defendant failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

6.      Further, Defendant failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

7.      Defendant' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendant maintain their corporate headquarters and offices within this district, and Defendant operate a home care agency located in this district. Further, Plaintiffs were employed by Defendant in this district.

## PARTIES

*Plaintiffs*

13. Plaintiff Marie Jean Charles ("Plaintiff Charles" or "Ms. Charles") is an adult individual residing in New York State.

14. Plaintiff Charles was employed by Defendant at Marquis Home Care, LLC from approximately 2016 until in or around 2017.

15. Plaintiff Marie H. Jean Ferrari ("Plaintiff Jean" or "Ms. Jean") is an adult individual residing in New York State.

16. Plaintiff Jean was employed by Defendant at Marquis Home Care, LLC from 2016 until in or around August 2018.

17. Plaintiff Ann Marie Jules ("Plaintiff Marie" or "Ms. Marie") is an adult individual residing in New York State.

18. Plaintiff Marie was employed by Defendant at Marquis Home Care, LLC at least in 2018.

*Defendant*

19. At all relevant times, Defendant own, operate, or control a home care agency, located at 230 N Main St, Spring Valley, NY, 10977 under the name "Marquis Home Care".

20. Upon information and belief, Marquis Home Care, LLC (d/b/a Marquis Home Care) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 230 N Main St, Spring Valley, NY, 10977.

## FACTUAL ALLEGATIONS

*Defendant Constitute Joint Employers*

21. Defendant operate a home care agency located in in Rockland County New York.

22. At all relevant times, Defendant was Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

23. Upon information and belief, in each year from 2016 to 2018, Defendant had a gross annual volume of sales of not less than $500,000.

*Individual Plaintiffs*

24.    Plaintiffs are former employees of Defendant who were employed as home attendants.

25.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marie Jean Charles*

26.    Plaintiff Charles was employed by Defendant from approximately 2016 until on or about 2017.

27.    Defendant employed Plaintiff Charles as a home attendant.

28.    Plaintiff Charles's work duties required neither discretion nor independent judgment.

29.    Throughout her employment with Defendant, Plaintiff Charles regularly worked in excess of 40 hours per week.

30.    Plaintiff Charles's hours worked varied however, during the workweek from 3/27/2017 until on or about 3/31/2017 Plaintiff worked 51.12 hours per week but was only paid for 42.97 hours per week (Paystub attached as Exhibit A).

31.    Throughout her employment, Defendant paid Plaintiff Charles her wages by check.

32.    From approximately 2016 until on or about 2017, Defendant paid Plaintiff Charles $10.50 per hour.

33.    Defendant did not provide Plaintiff Charles an accurate statement of wages, as required by NYLL 195(3).

34.    Defendant did not give any notice to Plaintiff Charles, in English and in Creole (Plaintiff Charles's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Marie H. Jean Ferrari*

35.     Plaintiff Jean was employed by Defendant from 2016 until in or around August 2018.

36.     Defendant employed Plaintiff Jean as a home attendant.

37.     Plaintiff Jean's work duties required neither discretion nor independent judgment.

38.     Plaintiff Jean hours worked varied however, during the workweek from 1/14/ 2018 until on or about 1/19/2018 Plaintiff worked 58.06 hours per week but was only paid for 47.96 hours per week (Paystub attached as Exhibit B).

39.     Throughout her employment, Defendant paid Plaintiff Jean her wages by check.

40.     In 2018 Defendant paid Plaintiff Jean $10.50 per hour.

41.     Defendant did not provide Plaintiff Jean an accurate statement of wages, as required by NYLL 195(3).

42.     Defendant did not give any notice to Plaintiff Jean, in English and in Creole (Plaintiff Jean's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Ann Marie Jules*

43.     Plaintiff Marie was employed by Defendant at least in 2018.

44.     Defendant employed Plaintiff Marie as a home attendant.

45.     Plaintiff Marie's work duties required neither discretion nor independent judgment.

46.     Plaintiff Marie's hours worked varied however, during the workweek from 6/03/ 2018 until on or about 6/09/2018 Plaintiff worked 39.77 hours per week but was only paid for 38.81 hours per week (Paystub attached as Exhibit C).

47.     Throughout her employment, Defendant paid Plaintiff Marie her wages by check.

48.     In 2018, Defendant paid Plaintiff Marie $10.50 per hour.

49.     Defendant did not provide Plaintiff Marie an accurate statement of wages, as required by NYLL 195(3).

50.     Defendant did not give any notice to Plaintiff Marie, in English and in Creole (Plaintiff Marie's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendant' General Employment Practices*

51.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

52.     Plaintiffs were victims of Defendant' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

53.     Defendant' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

54.     Defendant engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55.     Defendant' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

56.     Defendant failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57.     Defendant failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

59.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendant' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime

pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

60.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

61.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

62.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendant in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

63.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant, there are approximately over forty members of the Class during the Class Period.

64.     There are questions of law and fact common to the Class including:

   a)   What proof of hours worked is sufficient where Defendant fail in their duty to maintain time records;

   b)   What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked;

   c)   What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of at least minimum wages for all hours worked;

d)   Whether Defendant failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)   Whether Defendant failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)   At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay the class members for their work; and

g)   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

65.     The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendant' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

66.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

67.     The common questions of law and fact predominate over questions affecting only individual members.

68.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendant vigorously. The damages suffered by individual class members are small, compared to

the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

69.       Defendant have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

70.       Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

71.       At all times relevant to this action, Defendant were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendant had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.       At all times relevant to this action, Defendant were engaged in commerce or in an industry or activity affecting commerce.

73.       Defendant constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.       Defendant failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.       Defendant' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.       Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

78.     Defendant, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendant' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendant were Plaintiffs'(and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

83.     Defendant, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

84.     Defendant' failure to pay Plaintiffs(and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.      Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87.      Defendant, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs(and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.      Defendant' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.      Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

90.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.      Defendant failed to pay Plaintiffs(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92.     Defendant' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE

## REQUIREMENTS OF THE NEW YORK LABOR LAW

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     Defendant failed to provide Plaintiffs with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.     Defendant are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     With each payment of wages, Defendant failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendant are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendant violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendant violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule

23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)        Declaring that Defendant' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)        Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)        Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)        Declaring that Defendant violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)        Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)        Declaring that Defendant violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs (FLSA and Rule 23 Class members);

(k)        Declaring that Defendant violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(l)        Declaring that Defendant' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)        Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the

amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendant' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 26, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Gennadiy Naydenskiy_____
Gennadiy Naydenskiy [GN5601]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

December 20, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Ann Marie Jules

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                   +Anne MARio, Jules

Date / Fecha:                        20 de Dicembre 2018

*Certified as a minority-owned business in the State of New York*

# EXHIBIT A

**Personal Earning Statement** 

**Marquis Home Care LLC**
230 N Main Street
Spring Valley, NY  10977
(845) 363-8140

| Empl# | SS# | Department | Clock No. |
|---|---|---|---|
| 39333 | XXX-XX-9093 | AIDS | |

**MARIE  JEAN CHARLES**
31 SPRING VALLEY COMMONS BOX #1
SPRING VALLEY, NY  10977

Pay Period:   From: 03/25/2017 To: 03/31/2017
Pay Date:   04/07/2017   Voucher No   10701

| Earnings | Memo | Date | Time In | Time Out | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| HOURLY | | 03/27/2017 | | | -0.02 | 10.50 | -0.21 |
| HOURLY | | 03/27/2017 | 06:05:00 AM | 02:06:00 PM | 8.02 | 10.50 | 84.21 |
| OT Premium | | 03/27/2017 | | | 0.00 | | 15.59 |
| HOURLY | | 03/28/2017 | 06:05:00 AM | 05:03:00 PM | 10.97 | 10.50 | 115.19 |
| HOURLY | | 03/29/2017 | 06:00:00 AM | 02:00:00 PM | 8.00 | 10.50 | 84.00 |
| HOURLY | | 03/30/2017 | | | -0.07 | 10.50 | -0.74 |
| HOURLY | | 03/30/2017 | 06:00:00 AM | 02:04:00 PM | 8.07 | 10.50 | 84.74 |
| HOURLY | | 03/31/2017 | | | -0.03 | 10.50 | -0.32 |
| HOURLY | | 03/31/2017 | 06:06:00 AM | 02:08:00 PM | 5.06 | 10.50 | 53.13 |
| HOURLY-OT | | 03/31/2017 | 06:06:00 AM | 02:08:00 PM | 2.97 | 10.50 | 31.19 |
| | | **Total Current Hours** | | | **42.97** | **Total Current Amount** | **$466.78** |

| Total Hours | 42.97 | Total Amount | 466.78 | Total YTD Hours | 585.57 | Total YTD Amount | $6,273.03 |
|---|---|---|---|---|---|---|---|

| Taxes | Exemptions | Additional | Amount | YTD |
|---|---|---|---|---|
| Social Sec. | | | 28.94 | 388.94 |
| Medicare | | | 6.77 | 90.98 |
| Federal | Single - 0 | | 54.42 | 722.54 |
| NY State | Single - 0 | | 14.91 | 193.31 |
| NY Disability | | | 0.60 | 8.40 |
| | **Total Taxes** | | **105.64** | **1,404.17** |

**Important Notes**
For wage disclosure purposes:  OT rate based on the weighted average of regular rates for period ending 3/31/2017 is 15.75

| Direct Deposits | ABA No. | Account No. | | Amount |
|---|---|---|---|---|
| | 021000021 | XXXXX8950 | | 361.14 |
| | **Total Direct Deposit** | | | **361.14** |

| Net Pay | | | | $361.14 |
|---|---|---|---|---|

THIS IS NOT A CHECK

THIS IS NOT A CHECK

# EXHIBIT B

MARIE JEAN FERRARI
101 KENNEDY DR. APT G2
SPRING VALLEY, NY 10977

Pay Period:  From: 01/14/2018 To: 01/20/2018
Pay Date:    01/26/2018    Check No.   17990

| Earnings | Memo | Date | Time In | Time Out | Hours | Rate | Amount | |
|---|---|---|---|---|---|---|---|---|
| HOURLY | | 01/14/2018 | 10:00:00 AM | 02:00:00 PM | 4.00 | 10.50 | 42.00 | |
| HOURLY | | 01/15/2018 | | | -0.02 | 10.50 | -0.21 | |
| HOURLY | | 01/15/2018 | 07:04:00 AM | 05:05:00 PM | 10.02 | 10.50 | 105.21 | |
| OT Premium | | 01/15/2018 | | | | 0.00 | 52.29 | |
| HOURLY | | 01/16/2018 | 07:11:00 AM | 05:10:00 PM | 9.98 | 10.50 | 104.79 | |
| HOURLY | | 01/17/2018 | | | -0.08 | 10.50 | -0.84 | |
| HOURLY | | 01/17/2018 | 06:55:00 AM | 05:00:00 PM | 10.08 | 10.50 | 105.84 | |
| TSRED | | 01/17/2018 | | | -1.00 | 10.50 | -10.50 | |
| HOURLY | | 01/18/2018 | 07:06:00 AM | 03:06:00 PM | 6.02 | 10.50 | 63.21 | |
| HOURLY-OT | | 01/18/2018 | 07:06:00 AM | 03:06:00 PM | 1.98 | 10.50 | 20.79 | |
| TSRED | | 01/19/2018 | | | -1.00 | 10.50 | -10.50 | |
| HOURLY-OT | | 01/19/2018 | 07:02:00 AM | 03:01:00 PM | 7.98 | 10.50 | 83.79 | |
| | | **Total Current Hours** | | | 47.96 | **Total Current Amount** | | **$555.87** |
| TSSUB | | 11/09/2017 | | | 1.00 | 10.50 | 10.50 | |
| TSSUB | | 11/16/2017 | | | 1.00 | 10.50 | 10.50 | |
| TSSUB | | 12/18/2017 | | | 1.00 | 10.50 | 10.50 | |
| TSSUB | | 12/19/2017 | | | 1.00 | 10.50 | 10.50 | |
| | | **Total Prior Hours** | | | 4.00 | **Total Prior Amount** | | **$42.00** |

| Total Hours | 51.96 | Total Amount | 597.87 | Total YTD Hours | 185.94 | Total YTD Amount | $2,119.27 |
|---|---|---|---|---|---|---|---|

| Taxes | Exemptions | Additional | Amount | YTD |
|---|---|---|---|---|
| Social Sec. | | | 37.07 | 131.40 |
| Medicare | | | 8.67 | 30.73 |
| Federal | Married - 1 | | 29.59 | 104.51 |
| NY State | Married - 1 | | 20.94 | 69.26 |
| NY Paid Leave | | | 0.00 | 0.49 |
| NY Disability | | | 0.60 | 2.40 |
| | | **Total Taxes** | **96.87** | **338.79** |

**Important Notes**
For wage disclosure purposes:  OT rate based on the weighted average of regular rates for period ending 1/20/2018 is 15.75

**Net Pay**                    **$501.00**

**Marquis Home and Health Care**
230 N Main Street
Spring Valley, NY 10977

JPMORGAN CHASE BANK, NA
NY

Check Number   17990
Pay Date       01/26/2018

Amount   FIVE HUNDRED ONE DOLLARS AND ZERO CENTS                    $501.00

Pay to the   MARIE JEAN FERRARI
order of:    101 KENNEDY DR APT G2
             SPRING VALLEY, NY 10977

# EXHIBIT C



**Personal Earning Statement**

**Marquis Home Care LLC**
230 N Main Street
Spring Valley, NY 10977
(845) 363-8140

| Empl# | SS# | Department | Clock No. |
|-------|-----|------------|-----------|
| 39087 | XXX-XX-0673 | AIDS | |

Pay Period: From: 06/03/2018 To: 06/09/2018

**ANNE MARIE JULES**
47 NEW MAIN ST apt#205
HAVERSTRAW, NY 10927

Pay Date: 06/15/2018    Check No.    22353

| Earnings | Memo | Date | Time In | Time Out | Hours | Rate | Amount |
|----------|------|------|---------|----------|-------|------|--------|
| HOURLY | | 06/03/2018 | | | -0.68 | 10.50 | -7.14 |
| HOURLY | | 06/03/2018 | 03:42:00 AM | 03:23:00 PM | 11.68 | 10.50 | 122.64 |
| HOURLY | | 06/04/2018 | | | -0.13 | 10.50 | -1.37 |
| HOURLY | | 06/04/2018 | 04:51:00 AM | 08:59:00 AM | 4.13 | 10.50 | 43.37 |
| HOURLY | | 06/05/2018 | 05:02:00 AM | 09:01:00 AM | 3.98 | 10.50 | 41.79 |
| HOURLY | | 06/07/2018 | | | -0.12 | 10.50 | -1.26 |
| HOURLY | | 06/07/2018 | 04:58:00 AM | 09:05:00 AM | 4.12 | 10.50 | 43.26 |
| HOURLY | | 06/08/2018 | 04:41:00 AM | 09:31:00 AM | 4.83 | 10.50 | 50.72 |
| HOURLY | | 06/09/2018 | | | -0.03 | 10.50 | -0.32 |
| HOURLY | | 06/09/2018 | 04:58:00 AM | 04:00:00 PM | 11.03 | 10.50 | 115.82 |

| | | Total Current Hours | | | 38.81 | Total Current Amount | $407.51 |

| Total Hours | 38.81 | Total Amount | 407.51 | Total YTD Hours | 888.26 | Total YTD Amount | $9,441.48 |
|-------------|-------|--------------|--------|-----------------|--------|------------------|-----------|

| Taxes | Exemptions | Additional | Amount | YTD |
|-------|------------|------------|--------|-----|
| Social Sec. | | | 25.27 | 585.40 |
| Medicare | | | 5.91 | 136.94 |
| Federal | Married - 0 | | 18.54 | 466.11 |
| NY State | Married - 0 | | 10.86 | 270.96 |
| NY Paid Leave | | | 0.51 | 3.64 |
| NY Disability | | | 0.60 | 13.86 |
| | Total Taxes | | 61.69 | 1,476.91 |

| Net Pay | | | | $345.82 |
|---------|--|--|--|---------|

REMOVE DOCUMENT ALONG THIS PERFORATION