# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510          Telephone: (212) 317-1200  
New York, New York 10165          Facsimile: (212) 317-1620  
_____

gnaydenskiy@faillacelaw.com

July 13, 2020

**Via ECF**  
Honorable Kenneth M. Karas  
United States District Judge  
Southern District of New York  
300 Quarropas Street  
White Plaints, NY 10601

       Re:   Jean Charles et al v. Marquis Home Care, LLC  
             20-cv-01715-LJL

Your Honor:

       We represent Plaintiffs in the above titled action. We write in opposition to Defendant's June 12, 2020 letter and renewed letter filed on July 8, 2020 requesting to file a motion to dismiss. Defendant wrongly contends that prima facia violations of the FLSA and NYLL do not meet the *Lundy* pleading requirement. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 109 (2d Cir. N.Y. March 1, 2013). Plaintiffs clearly allege specific weeks, specific work hours, and specific hours not paid which is confirmed by Defendant's paystubs showing violations of the law. The paystubs used as examples clearly show Plaintiffs clock in and clock out time and also clearly show Defendant time shaving and not paying Plaintiffs appropriately for the time they are clocked in and out. Defendants argue in a footnote that there may be reasons for deducting time like rounding[1] however, that is a defense not a reason for a motion to dismiss.

       On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court is "constrained to accept as true the factual allegations contained in the complaint and

---

[1] Defendant will not be successful in their rounding defense because defendant did not round in accordance with the FLSA.

*Certified as a minority-owned business in the State of New York*

draw all inferences in plaintiff's favor." *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2005). Indeed, "[t]he standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff." *Nicholas v. Mahoney*, 608 F. Supp. 2d 526, 529 (S.D.N.Y. 2009).

Plaintiffs clearly allege a specific week and specific amount of time for which they were clocked in/working and Defendant shaved time from their work time. Plaintiff Charles clearly alleges that, at least, for the work week of 3/27/2017 though 3/31/2017, she worked 43.09 hours but was paid for only 42.97 hours- a violation of the FLSA and NYLL overtime laws. (Amended Compl. ¶31; Amended Compl. exhibit "A"). Plaintiff Ferrari likewise alleges that, at least, for the workweek of 1/14/2018 through 1/19/2018, she worked 50.06 hours but, was only paid 47.96 hours. (Amended Compl. ¶40; Amended Compl. exhibit "B"). Lastly, Plaintiff Jules clearly alleges that for, at least, the work week of 6/3/2018 through 6/9/2018, she worked 39.77 hours but, was only paid for 38.81 hours at a rate of $10.50 an hour. (Amended Compl. ¶48, ¶50; Amended Compl. exhibit "C"). In 2018, the applicable minimum wage rate was $10.40. Accordingly, for 38.81 hours Defendant paid Plaintiff Jules $407.51 however, dividing $407.51 by 39.77 equals an hourly rate of approximately $10.25, which is below the minimum wage[2]. *Morales v. MW Bronx, Inc.*, 2016 U.S. Dist. LEXIS 100422, *17 (S.D.N.Y. August 1, 2016) citing case ("courts in this circuit have interpreted the FLSA to require that employers must pay their employees the state minimum wage if it exceeds the federal minimum wage"). Thus, Defendant violated the FLSA and NYLL minimum wage laws.

---

[2] Alternatively, Plaintiff Jules's gap-time claim arises from the same wage and hour allegations as the other Plaintiffs, namely Defendant's plan and policy of time shaving. USCS Fed Rules Civ Proc R 20.

Therefore, Defendants request to move to dismiss the complaint should be summarily denied[3].

We thank the Court for its time and attention to this matter.

> Respectfully Submitted,
>
> /s/ Gennadiy Naydenskiy
> Gennadiy Naydenskiy

---

[3] Plaintiffs assert additional NYLL violations which are not discussed in Defendant's request to move to dismiss the complaint.